956 F.2d 1164
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John P. WATSON, Defendant-Appellant.
 Nos. 91-3477, 91-3581.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1992.
 
 Before MILBURN and RYAN, Circuit Judges, and ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant John P. Watson appeals his jury conviction on eighteen offenses in violation of federal law involving conspiracy, money laundering, unlawfully structured currency transactions, and income tax evasion, all in connection with offenses involving distribution or possession with intent to distribute cocaine and/or crack or aiding and abetting in these offenses. The following issues have been raised: (1) whether the evidence presented at trial was sufficient to support the jury's verdict of guilty on 18 of the 20 counts for which defendant was indicted; (2) whether the district court's failure to define "commercial bank" and "trust company" in defining the crime of structuring currency is plain error; (3) whether the district court constructively amended that part of the indictment which referred to the institution used in the alleged unlawful financial transactions as an "insured bank"; (4) whether the district court constructively amended that part of the indictment alleging travel in interstate commerce to promote an unlawful cocaine distribution business; (5) whether certain evidence presented at trial was irrelevant, prejudicial, and inadmissible thus depriving defendant of his right to a fair trial and due process of law; (6) whether the prosecutor engaged in misconduct at trial which deprived defendant of his right to a fair trial and due process of law; (7) whether defendant was denied his Sixth Amendment right of effective assistance of counsel where the court refused to hold a hearing to inquire into defendant's request for withdrawal of his appointed attorney; (8) whether the district court improperly sentenced defendant pursuant to the sentencing guidelines for offenses occurring prior to the effective date of the guidelines; and (9) whether sufficient evidence existed to support the jury's verdict to forfeit defendant's property allegedly used in defendant's drug trafficking business.
 
 
 2
 Defendant was convicted on February 26, 1990, by jury trial on the following 18 counts of a 20-count indictment: 1 count of conspiracy to distribute and possess with intent to distribute crack and cocaine in violation of 21 U.S.C. § 846, 1 count of traveling in interstate commerce to promote an unlawful activity in violation of 18 U.S.C. § 1952, 6 counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), 3 counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1), 3 counts of structuring currency transactions in violation of 31 U.S.C. § 5324(3), 2 counts of money laundering in violation of 18 U.S.C. § 1956, and 2 counts of income tax evasion in violation of 26 U.S.C. § 7201. The jury also returned a verdict in favor of the government on 7 forfeiture counts for property owned by defendant and intended to be used to commit and to facilitate commission of a felony under Subchapter I of the Controlled Substances Act, 21 U.S.C. § 841 et seq..
 
 
 3
 On April 24, 1991, the district court sentenced defendant to 200 months in prison, a five-year period of supervised release, and a $50.00 special assessment for each count of the conviction. This timely appeal followed.
 
 
 4
 Having carefully considered the record herein, the briefs of the parties and the argument of counsel, we conclude that the evidence presented against the defendant was overwhelming, that no reversible error was committed during the course of defendant's trial, and that none of the defendant's numerous assignments of error have any merit. Accordingly, the district court's judgment of conviction on the jury's verdict, the sentence imposed upon the defendant, and the forfeiture of defendant's property are AFFIRMED in all respects.
 
 
 
 *
 Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation